Filed 08/10/26

VERMONT SUPERIOR COURT
Chittenden Unit
175 Main Street
Burlington VT 05401
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-04572

---

**Reliant Electric Works v. Caitlin Ojala et al**

---

## ENTRY REGARDING MOTION

Title:  Reply in Support of Motion to Discharge Mechanic's Lien and Motion for Summary Judgment; Memorandum in Opposition; Sur Reply (Motion:4)
Filer:  Caitlin M Ojala; William F Grigas; Caitlin M Ojala
Filed Date: May 18, 2026; July 08, 2026; July 21, 2026

Plaintiff Reliant Electric Works did work to install a generator at the former residence of defendants Caitlin and Eric Ojala. Reliant tried to complete the work but the Ojalas stopped responding. When Reliant discovered an online listing to sell the Ojalas's house, it took steps to record a mechanic's lien to secure payment for the work it had completed.

Caitlin moved to discharge that lien (Mot. 4). Reliant opposed. Caitlin captioned her May 18, 2026 reply as "Defendant Caitlin M. Ojala's reply in support of motion for summary discharge of mechanic[']s lien, to dismiss claim against her, and/or for summary judgment" (hereinafter "MSJ"). She also attached and asked the court to consider her affidavit, several exhibits and a Rule 56(c)(1) statement of undisputed material facts ("SUMF"). The court issued a Jun. 9 entry order notifying the parties it would treat Caitlin's reply to Mot. 4 as a motion for summary judgment under Rule 56. See Rule 12(b)(6). Her motion relates only to Count IV (enforcement of mechanic's lien) of Reliant's amended complaint.[1]

Caitlin and Reliant have both made supplemental filings. Eric has filed no papers regarding the motion.[2] Caitlin represents herself. Reliant has counsel. For the reasons that follow, the court grants in part and denies in part Caitlin's Mot. 4.

### I.  Background

This section describes the background under the legal standards applicable and with a focus on the matters most relevant to the pending motion. Unless otherwise noted, this section comes from Reliant's SUMF.

On Oct. 17, 2023, Reliant contracted with the Ojalas to install a Generac generator at the Ojalas's house in Westford for a total price of $12,146.49. Reliant installed the generator on Nov. 14, 2023.

---

[1] Caitlin requests dismissal of all counts against her but does not advance arguments regarding Counts I-III.
[2] The docket shows physical mail returned from Eric's mailing address but Caitlin certified service by email and Odyssey as well.

Reliant's invoice for the Nov. 14 installation includes payment terms of "net 30" and a due date of "2/24/2025." It notes that Reliant "[w]ill need to return when gas is installed to activate and start generator."

Generac activated the system remotely on Dec. 19, 2023 after which Reliant performed no further work at the Ojalas's. Reliant made no written demand for payment between Dec. 2023 and Feb. 24, 2025.

Reliant did not "raise payment issues" until it discovered a Zillow listing for the Ojalas's home on Mar. 21, 2025. Reliant recorded this mechanic's lien on Apr. 25, 2025:

# VERMONT MECHANIC'S LIEN

STATE OF VERMONT
COUNTY OF Chittenden _____

Notice is hereby given that this Mechanic's Lien, this "Lien," is filed as of
04/25/2025 _____ (mm/dd/yyyy), (the "Effective Date"), by 04/25/2025 _____
(Claimant) located at 21 Stewart Road Westford VT 05452 _____ (Address), with the
license number of _____ issued on _____ (mm/dd/yyyy)
and expiring on _____ (mm/dd/yyyy), (the "Claimant"), claims a construction lien
in the sum of $ 12,146.49 _____ for labor, services, materials, and/or equipment furnished for
improvement to certain real property owned by Cate Ojala _____ (collectively, the
"Owner"), located at 21 Stewart RoadWestford, VT 05452 / Chittenden County (Address w/County),
and with the legal description of:

Full home installation of - 18kW Air-Cooled Standby Generator. RXSW Switch,
Service Entrance Rated, 100 amps, Battery, Group 26R, Composite GENPAD, Surge
Protection Device, -18kw Composite Cable, Pea Gravel, General Materials

(the "Property").

This Lien is claimed, separately and severally, as to both the buildings and improvements thereon, and the said real property.

The Claimant and RELIANT ELECTRIC WORKS (Owner, General Contractor, etc.) entered into a contract on 10/17/2023 _____ (mm/dd/yyyy) whereby the Claimant provided the following labor, services, materials, and/or equipment at the Property (the "Work"):
Full home backup generator installation with Automatic switch.
_____,
for the total amount of $ 12,146.49 _____ (Contract Price) Due on 02/24/2025 ____ (Date)

eSign                    DOC # 10850                    Page 1 of 3

2

The first day of the Work on the Property by the Claimant was
11/14/2023 _____ (mm/dd/yyyy). The last day of the Work on the Property by the Claimant
was 04/24/2025 _____ (mm/dd/yyyy) (the "Completion Date").

As of the Effective Date, the Claimant has: (check one)

☐ Received payment of $_____.
☒ NOT received any payment.

The Owner has failed to pay the Balance Due despite demands and requests for payment.
Accordingly, the Claimant declares that claim amount of $ 12,146.49 _____ is justly due to the
Claimant.

The Claimant declares that the contents of this Lien are true and correct to the best of their
knowledge. Subscribed and sworn to as of the Effective Date.

**Claimant Signature:** _____ Date: 4/25/25 _____

Claimant Printed Name: ARTHUR BENETT _____

MSJ Ex. A.  The lien notes a payment "[d]ue date" of "February 24, 2025" and a "[l]ast day if work" of "April 24, 2025."

Reliant served Caitlin with the complaint in this case on Oct. 28, 2025.  The docket shows Reliant filed the complaint on Oct. 21, 2025.

## II.    Discussion

"Summary judgment is appropriate only where, accepting the allegations of the nonmoving party as true, there exist no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Demag v. Better Power Equip., Inc.*, 2014 VT 78, ¶ 9, 197 Vt. 176 (quotation omitted); *see* V.R.C.P. 56(a).  "The nonmoving party may survive the motion if it responds with specific facts raising a triable issue, and it is able to demonstrate sufficient evidence to support a prima facie case." *Kelly v. Univ. of Vt. Med. Ctr.*, 2022 VT 26, ¶ 15, 216 Vt. 445 (quotation omitted).  Courts "resolve all reasonable doubts and inferences . . . in favor of the nonmoving party," *id*. (citation omitted), and will deny the motion where the nonmoving party offers "specific facts that would justify submitting [its] claims to a factfinder." *Robertson v. Mylan Labs., Inc.*, 2004 VT 15, ¶ 15, 176 Vt. 356 (citation omitted).  "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion." V.R.C.P. 56(e)(2).

Where the moving party does not bear the burden of persuasion at trial, it may satisfy its burden of production by showing the court that there is an absence of evidence in the record to support the nonmoving party's case. The burden then

3

shifts to the nonmoving party to persuade the court that there is a triable issue of fact.

*Ross v. Times Mirror, Inc.*, 164 Vt. 13, 18 (1995) (internal quotations and citation omitted).

[T]hat party may not rest on mere allegations, but must come forward with evidence that raises a dispute as to the facts in issue. . . . []It must come forward with evidence sufficient to meet its burden of proof on that issue. The evidence must be admissible. . . . [O]nly facts that can affect the outcome of the litigation are material. Thus, only a dispute as to those facts will foreclose summary judgment.

*Clifford v. Livak*, No. 596-11-17 Rdcv, 2019 WL 13172494, at *1 (Vt. Super. Feb. 01, 2019) (Hoar, J.) (citations omitted).

To survive summary judgment, the non-movant

bears the burden of producing evidence sufficient for a reasonable jury to [find in its favor]. "Evidence which merely makes it possible for the fact in issue to be as alleged, or which raises a mere conjecture, surmise or suspicion, is an insufficient foundation for a verdict," and thus where the jury could only find for the plaintiff by relying on speculation, the defendant is entitled to [summary] judgment.

*Bernasconi v. City of Barre*, 2019 VT 6, ¶ 11, 209 Vt. 419, 423 (affirming summary judgment) (citations omitted).

Caitlin has moved to discharge Reliant's lien and for summary judgment. She points to numerous inconsistencies or defects in the lien. MSJ at 1-4. She alleges multiple statutory insufficiencies, *id.* at 5, and challenges the timeliness of this case. *Id.* at 6-7.

Reliant acknowledges that "the facts as alleged by Defendant are largely uncontested" but "do not establish that she is entitled to judgment as a matter of law." Opp. at 2. Reliant takes a different view of most of Caitlin's legal interpretations, *id.* at 2-3, and cites disputed issues of fact that preclude summary judgment. *Id.* at 3. Reliant has provided no affidavits or other evidence in connection with the pending motion.

Section 1921 of 9 V.S.A gives Reliant a lien under the circumstances of this case.

The object of the statute creating mechanics' liens is security. The lien is purely statutory, and, if established, effects a preference. The person asserting it, therefore, should be held to a reasonably strict compliance with the statutory requirements. But the statute is a useful one and should not be so strictly construed as to defeat its purpose, or to render it impossible in the ordinary course of business for one entitled to secure its benefits. A substantial compliance with its terms is all that is required, and nicety of form is not essential. The object of the memorandum required to be filed in the clerk's office is to give notice to the

4

owner and persons dealing with the property that it stands charged with the payment of the bills for labor and material which went into it under such a contract as entitles the claimant to his lien. In many states the statutory requirements are complicated and perplexing. Ours are plain and simple. An examination of the memorandum here filed discloses: (1) That a lien is asserted; (2) the amount claimed; (3) the person to whom it is due; (4) the person from whom it is due, and that that person is the owner; (5) for what it is due, and that it is for such indebtedness as the statute specifies; (6) the building into which the labor and materials went and which is sought to be charged; and (7) it is signed by the claimant. The requirements of the statute are sufficiently complied with and nothing further is necessary.

*Baldwin v. Spear Bros.*, 79 Vt. 43, 50 (1906) (citations omitted). The same holds true for Reliant's lien in this case. Despite Caitlin's criticisms, it fulfills the statute's purpose and satisfies its requirements.

Yet Reliant may not enforce or foreclose upon its lien.

The pertinent words of the statute involved here are that the plaintiff "may commence his action for the same, and cause such real estate or other property to be attached thereon." The resulting judgment, when obtained, has the force of a mortgage, and a right of foreclosure for nonpayment. 9 V.S.A. § 1925. We have consistently held, before the 1979 amendment to V.R.C.P. 4.1 and the 1978 addition of 12 V.S.A. § 3295, that the property involved must be actually attached within the [180-day] period, and that it is not enough that the suit be merely commenced.

*Filter Equip. Co. v. Int'l Bus. Machines Corp.*, 142 Vt. 499, 501–02 (1983) (citations omitted) (affirming dismissal for lack of perfecting lien where contractor filed § 1924 lien enforcement action "exactly three months after the date of last shipment"). See also 2003, Adj. Sess., No. 144, § 3 (noting change from three months to 180 days in 9 VSA § 1924). The Court quoted and emphasized the Reporter's Notes to the 1979 amendment of Rule 4.1:

One result of the change is that the real estate attachment required under 9 V.S.A. § 1924 to perfect a mechanic's lien must now, like other real estate attachments, be on motion and notice under the rule. *Attorneys should take care to commence actions on such liens in ample time* to permit completion of the attachment within the [180-day] period provided by the statute after the filing of notice of the lien. *Otherwise, under the statute the lien will be lost.*

*Filter Equip. Co.*, 142 Vt. at 502–03 (emphasis in *Filter Equip. Co.*). "Adherence to the statute, as interpreted for almost a century, and to the rule, is a requisite to preserving the statutory lien." *Id.* See also 2003, Adj. Sess., No. 144, § 3 (noting change from three months to 180 days in 9 VSA § 1924).

Reliant never moved for or obtained a writ of attachment under Rule 4.1. Sections 1924 and 1925 require that. If Reliant did do so, it has not "come forward with evidence that raises a dispute as to the facts in issue." *Clifford*, 2019 WL 13172494, at *1. It has only tried to "rest on mere allegations." *Id.* Opp. at 3 (alleging without supporting evidence that "[t]hose facts [regarding § 1924] compliance] are disputed and have not been developed through discovery"). Caitlin deserves summary judgment on Reliant's Count IV.

Reliant's lien remains valid under § 1921. Caitlin has cited and the court knows of no authority for this court to discharge it.

## III. Order

For the reasons set forth above, the court grants in part and denies in part Caitlin's Mot. 4 by granting summary judgment for her on Count IV of the amended complaint.

Electronically signed pursuant to V.R.E.F. 9(d) on August 10, 2026.

Colin Owyang
Superior Court Judge

6